UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MIAMI VALLEY FAIR HOUSING
CENTER, INC., *et al.*,

      Plaintiff,

vs.

ELIZABETH VOSMEIER,

      Defendant.

Case No. 3:24-cv-113

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DIRECTING THE PARTIES TO MEET AND CONFER AND FILE THEIR FED. R. CIV. P. 26(f) REPORT ON THE COURT'S DOCKET BY SEPTEMBER 13, 2024; (2) DIRECTING THE PARTIES TO SERVE THEIR INITIAL DISCLOSURES BY SEPTEMBER 6, 2024; AND (3) DIRECTING THE PARTIES TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS FOR THEIR FAILURE TO COMPLY WITH THE COURT'S INITIAL ORDER TO MEET AND CONFER AND FILE THEIR FED. R. CIV. P. 26(f) REPORT (Doc. No. 8)**

---

This case is before the Court because parties' have not filed their Fed. R. Civ. P. 26(f) report. The Court ordered the parties to meet and confer and file their Rule 26(f) report by August 16, 2024. Doc. No. 8. To date, no Rule 26(f) report has been filed.

Accordingly, the Court **ORDERS** the parties, pursuant to Fed. R. Civ. P. 16 and Fed. R. Civ. P. 26(f), to informally confer in good faith and prepare a joint report as required by Fed. R. Civ. P. 26(f).[1] The parties' Rule 26(f) report shall be filed with the Court **by September 13, 2024**. Unless otherwise agreed to by the parties in their Rule 26(f) Report, initial disclosures must be made as required by Rule 26(a)(1). Rule 26(a)(1) initial disclosures must be served upon all parties in the case **by September 6, 2024** and should not be filed with the Court unless submitted in

---

[1] A form Rule 26(f) Report of the Parties (applicable to the Western Division at Dayton) is accessible on the Court's website at http://www.ohsd.uscourts.gov/ohio-southern-district-forms.

support of a motion. After the parties file their Rule 26(f) report, the Court intends to put on a scheduling order. Subsequently, the Court will formally refer this matter to the United States Magistrate Judge during the pendency of discovery.

Because the parties have failed to comply with the Court's initial order as explained above, they are both **ORDERED TO SHOW CAUSE**, in writing and **by September 13, 2024**, why the Court should not impose sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . . , the court where the action is pending may issue further just orders"). The parties are **ADVISED** that their failure to show good cause for the noncompliance with the Court's initial meet and confer order or this order may result in sanctions. Fed. R. Civ. P. 37(b)(2)(A).

    **IT IS SO ORDERED.**

  August 29, 2024                                                 s/Michael J. Newman
                                                                     Hon. Michael J. Newman
                                                                     United States District Judge